UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Julie A. Su,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NAB LLC d/b/a NAB Nail Salon d/b/a NAB Nail Bar, a Nevada limited liability corporation; Asia Trinh, an individual and managing agent of the Corporate Defendant; Nicole Brown, an individual and managing agent of the Corporate Defendant,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00984-JCM-EJY<br><br>**ORDER** |

Pending before the Court is the U.S. Department of Labor's ("DOL") Memorandum for Attorneys' Fees and Costs (ECF No. 76). The Court reviewed the Motion and Defendants' Response titled as an Objection (ECF No. 80).

**I.  Background**

On July 13, 2023, the DOL filed a Motion for Sanctions that was granted in part and denied in part. ECF No. 75. The DOL was directed to submit a memorandum supported by affidavit of counsel establishing the amount of attorneys' fees and costs incurred in drafting its Motion, reviewing Defendants' Response, and drafting the Reply. *Id*. at 11. The DOL has done so. ECF No. 76. The DOL requests $75,300 in attorneys' fees for a total of 188.25 hours of work performed by attorneys Paige Pulley and Kathryn Panaccione. *Id.* at 2, 4, 19.

**II.  Analysis**

　　A.　Timing of the DOL's Motion

Defendants argue the DOL's Motion is premature because under Federal Rule of Civil Procedure 54(d)(2)(B), attorneys' fees and costs cannot be awarded absent a final judgment. ECF No. 80 at 3. However, Federal Rule of Civil Procedure 54(d)(2)(B) "do[es] not apply to claims for fees and expenses as sanctions for violating" the Federal Rules of Civil Procedure. Fed. R. Civ. P.

1

54(d)(2)(E). Because the DOL's attorneys' fees award is a sanction for violation of the federal rules, Rule 54(d)(2)(B) does not apply here.

### B. Adherence to LR 54-14

Defendants also argue the DOL failed to address Local Rules of Practice for the United States District Court for the District of Nevada ("LR") 54-14(a)(3)(C), (D), (E), (G), (H), (J), and (K), which may be deemed consent to deny the Motion. ECF No. 80 at 3-10. It is true that "[f]ailure to provide [this] information … in a motion for attorney's fees may be deemed a consent to the denial of the motion" (LR 54-14(c)); however, the DOL's Motion addressed all of these factors. ECF No. 76 at 4-5 (addressing LR 54-14(a)(3)(C) and (D)), 6 (addressing LR 54-14(a)(3)(D)), 7 & n.2 (addressing LR 54-14(E), (G), (H), (J), and (K)). Therefore, the Court considers the DOL's Memorandum.

### C. Attorney's Fees and Costs

#### i. Reasonableness of Hours Billed.

The DOL seeks compensation for 188.25 hours of attorney work. ECF No. 76 at 2, 4, 19. The DOL argues Defendants' conduct throughout discovery caused it to spend additional hours beyond what is typically required so the time expended, though significant, is reasonable. *Id.* at 4-5. The DOL further argues the amount of hours is reasonable because the DOL omitted fees for time spent by four individuals involved in handling the DOL's Motion for Sanctions; hours spent on the Memorandum for Fees and Costs; hours worked from March 22, 2023 to April 10, 2023 because counsel was also preparing for mediation during that time frame; and an additional 40.25 hours from April 2023 "as a measure of good faith." *Id.* at 5-6.

In response, Defendants argue the number of hours the DOL claims spent on the Motion for Sanctions actually reflects some work that would have had to been done regardless of the Motion, so the work is duplicative and the hours should be reduced. ECF No. 80 at 4. Defendants also argue that because the purpose of the Motion for Sanctions was to "punish" Defendants, the DOL should not have spent so much time drafting the Motion. *Id.* Defendants contend the DOL's task descriptions are insufficiently detailed. *Id.* Defendants conclude the DOL's Motion was only

partially successful; thus, the DOL is not entitled to the full amount of hours it claims and, at most, the DOL should recover 111 hours of attorney time. *Id.* at 4, 10.

The Court has broad discretion in determining the reasonableness of attorney fees. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).[1] The Court applies the "lodestar method" when considering fees, which "is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

In determining an award for attorneys' fees, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "[I]f the [party] has achieved only partial or limited success, compensation for the full amount of attorney's time may be excessive even if the attorney presented claims that were nonfrivolous and raised in good faith." *Reyna v. Astrue*, Case No. 1:09-CV-00719-SMS, 2011 WL 6100609, at *7 (E.D. Cal. Dec. 6, 2011) (citing *Hensley*, 461 U.S. at 436). "A district court may elect to identify specific time that must be eliminated or simply reduce the fee award as a whole to address the limited success." *Id.* When block-billing is used such that the Court is unable to identify specific time spent on any particular part of the party's briefing, "the Court's only alternative is to reduce the fee award as a whole to a reasonable allowance." *Id*. Finally, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Van Gerwen*, 214 F.3d at 1045 (internal quotation marks and citation omitted).

Initially, the Court recognizes that the DOL has omitted certain fees from its request. However, the omission was for, in part, "reviewing, editing, and approving various drafts of the

---

[1] "[A] court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). These factors include: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the 'undesirability' of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Id.* at 1045 n.2 (citation omitted). Defendants only challenge the reasonableness of the hours sought and billing rate (ECF No. 80); thus, the Court does not address additional factors in its analysis.

[M]otion for [S]anctions and replies," and time spent working on the Motion while preparing for mediation (ECF No. 76 at 6) which was redundant work, and thus would not have been factored into the lodestar calculation anyway. Other time omitted was for "supporting tasks such as mailing the Acting Secretary's filings to Defendants," and work associated with a "declaration in support of the Acting Secretary's [M]otion," which according to the vague descriptions provided, do not appear to represent significant amounts of time. *Id*. Finally, the remaining hours the DOL chose to omit, which include time spent on the Memorandum and 40.25 hours for all hours worked in April 2023, do not negate the fact that the DOL's Motion for Sanctions was only partially successful. Therefore the Court finds the amount of hours requested should be reduced.

The billing information provided in the DOL's Memorandum does not specifically describe what work was dedicated to which issue in its briefing, and many of the entries are block-billed. *Id*. at 8-18. The billing entries are so vague that it is impossible to determine whether any work described in the billing was excessive or redundant. *Id*. For these reasons, the Court finds it impossible to identify "specific time that must be eliminated," and rather finds the fee must be reduced as a whole. The Court further finds that because the DOL was only successful on some, but not all, of its claims, and in light of the fact that its entries lacked the requisite specificity necessary to eliminate any particular entries, the DOL's attorneys' fee award is reduced to 111 hours.

ii.     *Reasonableness of Rates Billed*

The DOL requests an hourly rate of $400 per hour for attorneys Paige Pulley and Kathryn Panaccione. *Id*. at 6. Ms. Pulley has seven years of experience working on complex class actions and employment matters, with a good reputation in the legal field. *Id*. at 6, ECF No. 76-1 at 1-3. Ms. Panaccione has over ten years of litigation experience and also maintains a good reputation in the legal field. ECF Nos. 76 at 6, 76-2 at 1-3. District courts in this Circuit generally use prevailing market rates to determine the "reasonable hourly rate" for the services of government attorneys. *Acosta v. GT Drywall*, Case No. EDMC 17-0006 JGB (KKx), 2018 WL 1041412, at *1 (C.D. Cal. Jan. 22, 2018) (collecting cases). In 2016, this Court found that an attorney with 10 years of experience at two well-known Las Vegas law firms and experience litigating comparable cases merited a $325 hourly rate. *Walker v. N. Las Vegas Police Dep't*, Case No. 2:14-CV-01475-JAD-

NJK, 2016 WL 3536172, at *2 (D. Nev. June 27, 2016).  In 2021, this Court found that the reasonable hourly rate for a partner with 15 years of experience was $405-415, and for an associate attorney with approximately 10 years of experience was $380-390.  *Sciara v. Campbell*, Case No. 2:18-CV-01700-DJA, 2021 WL 8321866, at *3 (D. Nev. Apr. 28, 2021).  In 2023, the Court found that a reasonable hourly rate for an attorney with 20 years of legal experience and a good reputation in the community was $400 per hour.  *Borenstein v. Animal Found.*, Case No. 2:19-CV-00985-CDS-NJK, 2023 WL 8254490, at *3 (D. Nev. Nov. 28, 2023).  In light of this case law, and in recognition of Ms. Pulley's seven years of experience and Ms. Panaccione's ten years, the Court finds the $400 per hour rate requested is too high, and instead an hourly rate of $380 for both attorneys is reasonable.

In sum, the Court awards the following:

111 hours x $380 per hour = a total fee award of $42,180.00.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants must pay the DOL the total amount of $42,180.00 in attorneys' fees associated with the DOL's Motion for Sanctions.

IT IS FURTHER ORDERED that this payment **must** be made no later than thirty (30) days after the date of this Order unless a stay of this Order is granted.

Dated this 25th day of January, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE