# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Lori Chavez-DeRemer,[1]

      Plaintiff

v.

NAB, LLC, Asia Trinh, and Nicole Brown,

      Defendants

Case No.: 2:21-cv-00984-JAD-EJY

**Order Granting Plaintiff's Renewed Motion for Summary Judgment, Denying Defendants' Motions for Reconsideration and to Stay Judgment, and Closing this Case**

[ECF Nos. 150, 152, 154]

Lori Chavez-DeRemer, the Secretary of Labor of the United States Department of Labor, sues NAB, LLC d/b/a NAB Nail Salon d/b/a NAB Nail Bar, its owner Asia Trinh, and its manager Nicole Brown for violating the Fair Labor Standards Act's minimum-wage, overtime, recordkeeping, and anti-retaliation provisions. In January 2025, I granted partial summary judgment to the Secretary on the merits of some of her claims, but I ordered additional briefing on damages and injunctive relief because I excised from liability any violations that the Secretary contended took place during 2020 and 2022. In response, the Secretary filed a renewed motion for summary judgment providing new damages calculations to cover the time periods authorized by my prior order. Trinh and Brown oppose that motion and separately move for reconsideration of my summary-judgment findings and to stay enforcement of any judgment.

I grant the Secretary's renewed motion because she has sufficiently shown that NAB, Trinh, and Brown jointly and severally owe $345,002.89 in back wages, an equal amount in liquidated damages, and post-judgment interest. I deny Brown and Trinh's motions for

---

[1] The Clerk of Court is directed to update the caption and docket to reflect that Lori Chavez-DeRemer, the current Secretary of Labor, is the proper plaintiff in this case. Fed. R. Civ. P. 25(d).

reconsideration because they have not met their burden to receive that relief.  And I deny as moot their requests to stay the judgment pending resolution of their reconsideration motions because I have now denied those motions.  With nothing remaining, I close this case.

## Discussion

**A.    The Secretary has proven damages for NAB's overtime and minimum-wage violations.**

 In January 2025, I granted in part the Secretary's motion for summary judgment on its Fair Labor Standards Act (FLSA) claims against NAB, Trinh, and Brown.[2]  The Secretary sought a judgment that NAB had violated the FLSA's overtime and minimum-wage provisions from early 2018 through mid-2022.  But because I concluded that the Secretary couldn't show that NAB qualified for FLSA coverage in 2020 and 2022, I denied summary judgment as to any violations alleged during those years.[3]  I then ordered the Secretary to file a renewed motion that included a calculation of damages accrued from May 21, 2018, through December 31, 2019, and January 1, 2021, through December 31, 2021.[4]

The Secretary has since filed the renewed motion with those calculations and contends that NAB, Trinh, and Brown owe their employees $345,002.89 in back pay for wage-and-hour violations that took place during the relevant time periods.[5]  Trinh and Brown oppose the motion, arguing that the Secretary's calculations are unreliable because they are not based on "underlying source records" of the employees' wages and do not accurately reflect the hours that NAB's nail

---

[2] ECF No. 149.

[3] *Id.* at 28–36.

[4] *Id.* at 56.

[5] ECF No. 150.

and eyelash techs worked.[6]  Brown and Trinh submit what they contend are records showing the techs' actual hours worked, as well as documentation purportedly showing that some nail techs had other jobs that would have made it unlikely or impossible for them to work 40+ hours at NAB.[7]

But Brown and Trinh's new evidence suffers from the same fatal flaws as the evidence that they attempted to submit in opposition to the Secretary's first summary-judgment motion.[8] None of it is authenticated or in a format that would allow me to confirm its reliability. Sanctions entered in this case also preclude Brown and Trinh from disputing the Secretary's reconstruction of workers' hours because they failed to produce proper evidence of worker's schedules, and they deleted video-surveillance footage that could have substantiated those hours.[9]  And because Brown and Trinh failed to timely respond to the Secretary's requests for admission concerning their workers' schedules and pay, they have admitted many of the facts

---

[6] ECF No. 153 at 7.  Various headings in Brown's opposition suggest that she also moves to strike the Secretary's wage calculation, *id.* at 11, moves to "compel evidence and strike unsupported claims," *id.* at 23, 25, and requests "summary judgment denial and dismissal of all claims," *id.* at 26.  Brown's motions and requests violate this court's local rule IC 2-2(b), which requires that "a separate document must be filed" for "each type of relief requested or purpose of the document."  L.R. IC 2-2(b).  So I treat ECF No. 153 as an opposition to the Secretary's renewed summary-judgment motion only, and I do not consider Brown's requests to strike, compel, or dismiss.  Nor do I consider arguments made in Brown and Trinh's oppositions that challenge my determinations that Trinh is an employer under the FLSA, that NAB's nail and eyelash techs are employees, and that NAB qualified for enterprise coverage in 2021.  *See* ECF No. 153 at 17–19; ECF No. 155 at 3–6.  Those issues have been decided, and the proper method to challenge them is through a reconsideration motion or an appeal.  To the extent that Brown and Trinh raise these issues in their reconsideration motions, I address them *infra* at 5–8.

[7] *See generally* ECF Nos. 153-2–153-6.

[8] *See* ECF No. 149 at 5–8 (prior summary-judgment order, ruling that Brown and Trinh's evidence "violates this court's procedural rules and cannot be relied upon by this court" and noting that the court will not consider "arguments or evidence excluded by the magistrate judge's sanctions order").

[9] ECF No. 75 at 9–10, 11.

that they now seek to dispute.[10]  Finally, the time to disprove the Secretary's calculations has passed; I previously determined that those calculations passed muster and proved NAB's wage-and-hour violations.[11]  The Secretary's addendum declaration is based on those previous calculations.[12]  Brown and Trinh offer no reason why the new calculations have any less reliability than those produced in the first round of summary-judgment briefing.

Having reviewed the Secretary's damages calculations and the underlying record, I conclude that she has shown that Brown and Trinh owe $345,002.89 in back wages to NAB employees who were on the payroll from May 21, 2018, through December 31, 2019, and January 1, 2021, through December 31, 2021.  I also conclude that an equal amount in liquidated damages is required here.  Liquidated damages are mandatory unless an employer can show "that it acted in 'good faith' and that it had 'reasonable grounds' to believe that its actions did not violate" the FLSA.[13]  Brown and Trinh do not argue that they were acting in good faith, and I have already concluded that their wage-and-hour violations were willful.[14]  So, because Brown and Trinh have not met their burden under 29 U.S.C. § 260, I award an additional $345,002.89 in liquidated damages.  I also award post-judgment interest under 28 U.S.C. § 1961.

The Secretary requests that I order the defendants to pay the total damages amount plus post-judgment interest within 10 days of this order and that I direct them to do so through a

---

[10] *See* ECF No. 149 at 37–39 (summary-judgment order, finding no genuine dispute that NAB employees worked over 40 hours a week without receiving overtime pay and that techs did not receive minimum wage, based in part on the defendants' admissions).

[11] *Id.*

[12] *See* ECF No. 150-1 (decl. of David Gonzalez).

[13] *Flores v. City of San Gabriel*, 824 F.3d 890, 905 (9th Cir. 2016) (quoting 29 U.S.C. § 260).

[14] ECF No. 149 at 40–43.

specific government website.[15]  I decline to do so.  Federal Rule of Civil Procedure 62(a) explains that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."[16]  The defendants may also appeal and move to extend the stay until that appeal is resolved.[17]  The Secretary offers no reason why I should deviate from this standard timeline.  The Secretary must take steps to enforce the judgment consistent with the Federal Rules of Civil Procedure.

**B.  NAB, Brown, and Trinh are permanently enjoined from violating the FLSA.**

The FLSA permits district courts to enter prospective injunctions against employers to discourage further FLSA violations.[18]  The Ninth Circuit has recognized that prospective injunctions in the FLSA context are "essential" to effectuate compliance with congressional policy "to abolish substandard labor conditions by preventing recurrences of violations in the future."[19]  "In deciding whether to grant injunctive relief, a district court must weigh the findings of violations against factors that indicate a reasonable likelihood that the violations will not recur."[20]  Good-faith efforts to comply with the FLSA weigh against injunctive relief, while

---

[15] ECF No. 150 at 4; ECF No. 150-3 at 4.

[16] Fed. R. Civ. P. 62(a) (cleaned up).  I note that this automatic stay applies only to the monetary judgment entered in this case—the injunction issued in this order takes effect immediately.  *See* Fed. R. Civ. P. 62(c) (noting that injunctions are not automatically stayed after being entered, even if the enjoined party appeals).

[17] *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."); Fed. R. App. P. 8(a) (directing parties to file motion for stay pending appeal in district court).

[18] *See* 29 U.S.C. § 217.

[19] *Brock v. Big Bear Mkt.*, 825 F.2d 1381, 1383 (9th Cir. 1987).

[20] *Id.*

1  "[a]n employer's pattern of repetitive violations or a finding of bad faith" weigh "heavily in

2  favor of granting a prospective injunction."[21]

3        Throughout this litigation, Brown and Trinh have not shown that they are making good-

4  faith efforts to bring their business into compliance with the FLSA's overtime, minimum-wage,

5  and recordkeeping provisions.  They argue that NAB "restructured its operations" and

6  "eliminat[ed] all independent-contractor relationships" in 2020, and they suggest that this brings

7  them outside of FLSA coverage.[22]  But they haven't shown that their restructuring attempts

8  actually comply with the FLSA or that they understand that law's requirements.  And in light of

9  Brown and Trinh's attempts to evade the Secretary's investigation and concoct evidence to

10 support their version of events,[23] I find that prospective injunctive relief is necessary to ensure

11 future compliance.  So I grant the Secretary's request for injunctive relief.

12

13 **C.    Brown and Trinh's motions for reconsideration and to stay execution of the judgment are denied.**

14       Brown and Trinh move for reconsideration of my order granting summary judgment to

15 the Secretary on FLSA liability.  They also move to stay execution of any judgment while their

16 reconsideration motions are pending.[24]  Because no judgment has been entered in this case[25] and

17 there is thus nothing to stay pending resolution of the defendants' motions, I deny their requests

18 to stay execution of the judgment.

19

20 [21] *Id.*

   [22] ECF No. 153 at 5–6.

21 [23] *See* ECF No. 149 at 40–43.

22 [24] ECF No. 152 at 2 (Brown's reconsideration motion, requesting a stay "to avoid irreparable financial harm while this motion is adjudicated").

23 [25] *See* ECF No. 149 at 57 (instructing the Clerk of Court not to enter judgment for the Secretary, pending additional showings of proof).

This court's local rule 59-1 contemplates reconsideration of an interlocutory order if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[26]  The rule cautions that "[m]otions for reconsideration are disfavored," and "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts."[27]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled,"[28] and it may not be based on arguments or evidence that could have been raised previously.[29]

Trinh's motion for reconsideration argues that I "overlooked critical evidence" she and Brown submitted, "including tax records and contractor agreements" which she contends prove facts helpful to NAB's case.[30]  But Trinh fails to address the lengthy discussion in my prior order explaining that I did not consider NAB's evidence because its submission didn't comply with procedural rules, none of it was properly authenticated, and its relation to NAB's arguments was

---

[26] L.R. 59-1(a).

[27] L.R. 59-1(b).  *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). While the Ninth Circuit has not established a standard of review for motions to reconsider interlocutory orders like this one, district courts frequently apply the standard applicable to FRCP 59(e) motions to reconsider final judgments.  *See In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*, 614 F. Supp. 3d 783, 788 (D. Or. 2022), aff'd, 2023 WL 7211394 (9th Cir. 2023) (collecting authorities).

[28] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[29] *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[30] ECF No. 154 at 1–2.

1  "impossible to comprehend."[31]  Trinh does not explain why she believes that ruling was

2  erroneous, so I deny her motion for reconsideration on this basis.[32]

3        Brown's motion for reconsideration takes the position that the Secretary's wage

4  calculations are erroneous and offers alternative calculations, backed by evidence she attached to

5  her opposition to the Secretary's renewed summary-judgment motion.[33]  But Brown does not

6  explain why this evidence—which largely consists of unauthenticated records purporting to

7  show worker schedules and proof that some nail techs held other jobs while also employed at

8  NAB—could not have been submitted in response to the Secretary's first summary-judgment

9  motion.  Only newly discovered evidence can support a reconsideration motion, and Brown's

10  new records from 2019–2022 don't qualify.  Plus, the new evidence that Brown relies on suffers

11  from the same defects that doomed consideration of her earlier-submitted evidence: it's

12  unauthenticated, incomplete, and largely incomprehensible.  So I do not reconsider my prior

13  order based on Brown's new evidence.

14        Brown also contends that my prior rulings were grounded in legal error because I

15  retroactively applied "stricter post-2021 independent-contractor standards" to FLSA violations

16  that took place in 2018 and 2019.[34]  She argues that I relied on Department of Labor regulations

17  that weren't enacted until 2021.  But my analysis determining that the NAB nail and eyelash

18

---

19  [31] ECF No. 149 at 5–6.

20  [32] Trinh also argues that my ruling will cause her "significant harm" because she "had no
    managerial role or control over NAB LLC's business decisions."  ECF No. 154 at 2.  But I
21  rejected that conclusory contention, finding that the evidence "demonstrates that [she and
    Brown] jointly handled every aspect of NAB's business" and rejecting Trinh's affidavit asserting
22  otherwise as a sham.  ECF No. 149 at 27, n.139.  Trinh does not offer any evidence or argument
    indicating that my ruling was erroneous.

23  [33] ECF No. 152; *see also* ECF Nos. 153-2–153-6.

    [34] ECF No. 152 at 3.

techs were employees, not independent contractors, was based on the Ninth Circuit's economic-realities test that has authoritatively governed this issue for decades.[35]  Though I occasionally cited to Department of Labor regulations throughout that analysis, I also noted that I did not rely on those regulations "to make any determinations," but instead cited them "only to the extent that they provide helpful insight into the applicable considerations for each factor of the economic-realities test."[36]  My analysis would have reached the same result even if I were to excise all references to the regulations that Brown takes issue with.  So I decline to reconsider my ruling that the NAB nail and eyelash techs are employees and not independent contractors.  Finding no meritorious basis to reconsider my earlier rulings, I deny Brown and Trinh's reconsideration motions.

## Conclusion

IT IS THEREFORE ORDERED that the Secretary's renewed motion for summary judgment **[ECF No. 150] is GRANTED**.  Based on the findings and conclusions from the court's prior order on summary judgment (ECF No. 149) and those in this order and with good cause appearing and no reason to delay:

The Clerk of Court is directed to **ENTER FINAL JUDGMENT in favor of the Secretary and against Defendants NAB, LLC, Nicole Brown, and Asia Trinh, jointly and severally in the total amount of $690,005.78**, which is comprised of back wages in the amount of $345,002.89 and liquidated damages in the amount of $345,002.89.  Post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that:

---

[35] *See* ECF No. 149 at 14–15 (discussing economic-realities test and citing *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1370 (9th Cir. 1981)).

[36] *Id.* at 15 n.67.

1.     Under Section 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 217, NAB, LLC, Nicole Brown, Asia Trinh, and their officers, agents, servants, successors, employees, and those persons in active concert or participation with them or acting on their behalf or at their direction (hereinafter, "Defendants"), are **permanently enjoined and restrained from violating the FLSA**, including through any of the following manners:

    a.     Defendants must not fail to classify as employees workers who Defendants suffer or permit to work under 29 U.S.C. §§ 203(d) and (e), including but not limited to workers who perform beauty services under work conditions that are the same or substantially similar to the work conditions in place for workers who performed beauty services during the Wage and Hour Division's 2019 investigation;

    b.     Defendants must not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any individuals to engage in commerce or producing goods for commerce for more than 40 hours per work week unless those individuals are compensated at 1.5 times their regular rate for each hour worked over 40 per work week;

    c.     Per 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in 29 C.F.R. Part 516, Defendants must not fail to make, keep and preserve records of employees, employees' wages and hours, and other conditions and practices of employment. Defendants also must make such records available to the Secretary for inspection, transcription, and copying when the Secretary demands such access;

10

    d.       Per 29 U.S.C. § 215(a)(3), Defendants must not retaliate in any manner against an employee because the employee has engaged in protected activity under the FLSA, which includes, but is not limited to, making a wage complaint to any Defendant, participating in any way in an FLSA proceeding, or providing information to the Department of Labor relating to wages or the FLSA.  Defendants also may not enable or encourage anyone else to discriminate against any employee for such protected activity.

    e.       Defendants must not directly or indirectly request, solicit, suggest, or coerce any employee to return to themselves or to someone else any money in any form (including cash, check, and other forms) for wages due under the provisions of this judgment.  Defendants also must not directly or indirectly accept or receive from any employee any money for wages paid to an employee under the provisions of this judgment or the FLSA. Defendants also may not discharge or in any other manner discriminate against any employee due to receiving or retaining wages due from this judgment, nor may they solicit or encourage anyone else to do so.

IT IS FURTHER ORDERED that Brown and Trinh's motions for reconsideration **[ECF Nos. 152 & 154] are DENIED.  The Clerk of Court is directed to CLOSE THIS CASE.**

 

_____
U.S. District Judge Jennifer A. Dorsey
July 2, 2025