# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Lori Chavez-DeRemer, | Case No.: 2:21-cv-00984-JAD-EJY |
| Plaintiff | |
| v. | **Order Denying Defendants' Motions to Stay Execution of Judgment** |
| NAB, LLC, Asia Trinh, and Nicole Brown, | [ECF Nos. 161, 164] |
| Defendants | |

In this Fair Labor Standards Act (FLSA) case, this court entered a $690,005.78 judgment in favor of Secretary of Labor Lori Chavez-DeRemer and against NAB, LLC, Nicole Brown, and Asia Trinh for violations of the FLSA's minimum-wage and overtime provisions. Brown and Trinh now move to stay execution of that judgment under Federal Rule of Civil Procedure (FRCP) 62(b) without posting a supersedeas bond, arguing that they are financially unable to do so. The United States opposes. Because Brown and Trinh do not establish that they are entitled to such relief, I deny their motion.

## Discussion

**A.    The court may, in its discretion, waive FRCP 62(d)'s bond requirement under limited circumstances.**

FRCP 62(b) permits a judgment debtor to stay the execution of a money judgment pending appeal if she posts a supersedeas bond or other security in the judgment amount.[1] "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment

---

[1] Fed. R. Civ. P. 62(b).

and compensates him for delay in the entry of the final judgment."[2]  Courts have discretion to waive the bond requirement or require some other form of security to stay execution.[3]

The Ninth Circuit has not articulated a test to guide this discretion, but district courts within this circuit typically rely on the standards set out in the Fifth and Seventh Circuits to determine when a departure from FRCP 62(d)'s full-bond requirement is warranted.  In *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, the Fifth Circuit held that the burden should be on the party moving for a departure from "the usual requirement of a full security supersedeas bond" to "objectively demonstrate the reasons for such a departure."[4]  And the Seventh Circuit has held that waiver of the bond requirement may be appropriate in two types of cases: (1) when "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money" and (2) the "opposite case" in which "the requirement would put the defendant's other creditors in undue jeopardy."[5]  The Seventh Circuit has articulated some considerations to guide a court's discretion when determining whether to waive the bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a

---

[2] *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

[3] *See Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (noting that "the court has discretion to allow other forms of judgment guarantee" under FRCP 62); *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 192 (9th Cir. 1977) (noting that FRCP 62(b) permits a party to obtain a stay "as a matter of right by posting a supersedeas bond," and finding that because no bond was posted, "the grant or denial of the stays was a matter strictly within the judge's discretion").

[4] *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

[5] *Olympia Equip. Leasing Co. v. W. Union Telegraph Co.*, 786 F.2d 794, 796 (7th Cir. 1986).

1 precarious financial situation that the requirement to post a bond
2 would place other creditors of the defendant in an insecure
  position.[6]

3 Generally, if a court determines that waiver of a full supersedeas bond is warranted, it requires

4 some other security—like a lien on real property or other assets—to protect the prevailing

5 plaintiff from being unable to collect on a judgment when the appeal concludes.[7]

6        Brown and Trinh argue only that they face extreme financial hardship, and they contend

7 that such hardship alone justifies a stay without bond.  Brown claims that she has "no savings, no

8 steady income, . . . owns no real property, . . . and has been unable to maintain regular

9 employment."[8]  Trinh contends that she also "has no savings, owns no real estate, and has been

10 financially impacted by this prolonged litigation."[9]  But neither defendant provides any

11 documentation to support those claims.  Nor have they demonstrated that their financial situation

12 would place their obligations to "other creditors" at risk, offered any alternative form of security

13 to cover the judgment, or advanced any argument that they will be more able to pay after

14 appeal.[10]  In short, general financial hardship does not excuse a judgment debtor from paying a

15

---

16 [6] *Dillion v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988).  Brown and Trinh both rely
on the law that applies when determining whether staying an injunction is appropriate pending

17 appeal.  *See* ECF No. 161 at 3; ECF No. 164 at 3 (citing *Nken v. Holder*, 556 U.S. 418, 434
(2009)—a case analyzing whether to stay the ordered removal of an undocumented immigrant

18 under the factors traditionally used to analyze requests for preliminary injunctive relief—to
support its legal statements).  Brown and Trinh do not seek to stay the injunction portion of this

19 court's judgment, so their chosen law is inapplicable here.

20 [7] *See, e.g., Olympia Equip. Leasing*, 786 F.2d at 797 (noting that the alternatives to posting bond
would be to allow the prevailing party to execute the judgment, "or to allow the posting of

21 alternative security"); *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F. Supp. 1101,
1104 (S.D. Cal. 1990) (permitting defendant to "provide real property security in an appropriate
amount" to protect the prevailing party's interest).

22 [8] ECF No. 161 at 2.

23 [9] ECF No. 164 at 6.

[10] Both defendants use large portions of their briefs and replies relitigating issues that this court
has ruled on and which are not open to reconsideration in this court.  I will not consider those

1  validly executed judgment, and Brown and Trinh provide no legitimate reason why the Secretary

2  of Labor's attempts to collect on that judgment should wait until after the appeal process

3  concludes.  So I deny their motion to stay execution of judgment without posting a supersedeas

4  bond.

5

6  **B.    The parties are warned that using generative AI tools like ChatGPT may result in sanctions.**

7          The Secretary has pointed to at least one case cited in Trinh's brief that doesn't exist.[11]

8  Incidents of fake authority cited in briefs have skyrocketed in recent months, and the culprit is

9  usually the use of generative AI software like ChatGPT to conduct legal research and write

10  briefs.  While AI tools can be useful in many respects, and this court does not prohibit litigants

11  from using them, the parties are warned that those services pull information from across the

12  web—including from unreliable sources—and may hallucinate (or make up fake) legal

13  precedent.

14          When a pro se litigant or attorney signs any filing before this court, she certifies that "the

15  claims, defenses, and other legal contentions are warranted by existing law . . . ."[12]  The parties

16  are advised that using AI to research and write their briefs may violate this rule if they rely on

17  hallucinated or inaccurate legal citations to support their arguments.  Parties must verify that the

18  authorities they cite are accurate and real before presenting them to this court.  There will be

19

20

_____

21  arguments here because they are irrelevant to the limited question of whether the defendants
    have objectively demonstrated reasons to stay execution of the monetary judgment against them
22  without requiring that they post a supersedeas bond.  Any arguments concerning the factual
    findings and legal conclusions must be raised on appeal.

23  [11] *See* ECF No. 170 at 4 n.1.

    [12] Fed. R. Civ. P. 11(b)(2).

consequences, including sanctions, for the continued reliance on inaccurate or fake authority in legal briefs submitted to this court.

**Conclusion**

IT IS THEREFORE ORDERED that Brown and Trinh's motions to stay execution of the monetary judgment pending appeal **[ECF Nos. 161 & 164] are DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
August 11, 2025