**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Keith Sonderling,[1]<br><br>Plaintiff<br>v.<br><br>NAB, LLC, Asia Trinh, and Nicole Brown,<br><br>Defendants | Case No.: 2:21-cv-00984-JAD-EJY<br><br>**Order Denying Plaintiff's Motion for an Order to Show Cause**<br><br>[ECF No. 180] |

In this Fair Labor Standards Act (FLSA) case, this court entered a $690,005.78 judgment in favor of the Secretary of the Department of Labor and against NAB, LLC, Nicole Brown, and Asia Trinh for violations of the FLSA's minimum-wage and overtime provisions. The Secretary now moves for an order to show cause why the defendants should not be held in contempt for failing to "make a single payment" toward that judgment. Because the Secretary has not shown that the defendants directly violated a court order, I deny his motion.

**Discussion**

The Secretary moves for an order to show cause why the defendants should not be held in contempt of court because "they have failed to comply with the court's July 3, 2025, order."[2] In that order, I entered final judgment in favor of the Secretary and against the defendants for $690,005.78.[3] The Secretary contends that the defendants have not paid any of that judgment and thus have "blatantly defied" the court's order.[4]

---

[1] Keith Sonderling is the current Acting Secretary of the United States Department of Labor, so I direct the Clerk of Court to substitute him as the defendant in this case under Federal Rule of Civil Procedure 25(d).

[2] ECF No. 180.

[3] ECF No. 158.

[4] ECF No. 180 at 2.

Civil contempt is an available method to enforce payment of a back-pay judgment in FLSA cases.[5] Parties may be held in contempt if they disobey "a specific and definite court order by failure to take all reasonable steps within the part[ies'] power to comply."[6] "The party alleging civil contempt must demonstrate that the alleged contemnor[s] violated the court's order by clear-and-convincing evidence."[7] If the moving party meets that initial burden, "[t]he burden then shifts to the contemnors to demonstrate why they were unable to comply."[8]

I find that the Secretary has not met his initial burden to show that the defendants violated a "specific and definite" court order. In other cases cited by the Secretary, the court held defendants in contempt after the court ordered payment by a specific date, and the defendants failed to meet that deadline.[9] But the July 3 order in this case did not specify when or how the defendants were meant to satisfy this substantial judgment. Though the Secretary asked in his renewed motion for summary judgment that the order require payment within 10 days, I denied

---

[5] *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193–94 (1949) (upholding civil-contempt order to enforce FLSA injunction); *Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1373 (9th Cir. 1981) (affirming district-court order holding defendants in contempt for failing to pay judgment of FLSA overtime wages); *Usery v. Fischer*, 565 F.2d 137, 140 (10th Cir. 1977) ("Following the reasoning of *Jacksonville Paper*, numerous circuit courts have held that district courts not only have the power but the duty to compel back-pay orders in civil-contempt proceedings." (cleaned up)).

[6] *Inst. of Cetacean Rsch v. Sea Shepard Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quotation omitted).

[7] *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (cleaned up).

[8] *F.T.C. v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004).

[9] *See, e.g.*, *Usery*, 565 F.2d at 138 (defendant violated consent judgment containing a payment plan); *Hodgson v. Hotard*, 436 F.2d 1110, 1112 (5th Cir. 1971) (defendant violated order requiring payment within 20 days); *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 57 (2d Cir. 1984) (defendant violated court order dictating a payment schedule and full payment within 30 days).

this request because the Secretary didn't support it with any case law or argument.[10] At no point in the almost 15 months since that order was filed has the Secretary moved for a court order seeking a payment deadline or payment schedule that could then be enforced through civil-contempt proceedings. So, because the Secretary has not shown by clear-and-convincing evidence that the defendants violated a court order by failing to pay the judgment by a certain date, I deny the motion for an order to show cause.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Secretary of Labor Keith Sonderling's motion for an order to show cause **[ECF No. 180] is DENIED.**

U.S. District Judge Jennifer A. Dorsey
October 5, 2026

[10] *See* ECF No. 150 at 4 (mentioning the unsupported request that payment be made "within 10 days" in the summary-judgment motion's conclusion). In my order, I denied the request because the "Secretary offer[ed] no reason why I should deviate from" the standard timeline for executing and enforcing judgments laid out in the Federal Rules of Civil Procedure. ECF No. 158 at 5. Indeed, this motion for a show-cause order is the first time in this case that the Secretary has offered support for a court-ordered payment deadline in FLSA cases.